## THE STATE v. BURNS.

1. When a white person is indicted for an assault, with intent to kill and murder, and the jury by their verdict, find him guilty of an " *assault with intent to kill*," the legal effect of the verdict, is, that the party is guilty of an assault, or assault and battery, as the case may be.

Error to the Circuit Court of Mobile.

The prisoner was indicted, and tried for for an assault with intent to kill and murder, one David Walker. The jury found him guilty of " an assault, with intent to kill." Upon this ver-

40

dict, the Court rendered judgment, and sentenced the prisoner to be confined in the penitentiary for two years.

STEWART, for plaintiff in Error.
ATTORNEY GENERAL, for the State.

ORMOND, J.—The case of Nancy, a slave, v. The State, 6 Ala. Rep. 483, is decisive of this. In that case, as in this, the indictment was for an assault to kill and murder, and the verdict for an assault to kill only, and we held, that the necessary intendment of the finding was, that the prisoner was not guilty of an assault with intent to murder, but of an assault to kill only. This is not, in the case of a white person, an offence punishable by confinement in the penitentiary, but is a mere assault, or assault and battery as the case may be. The verdict was therefore no authority for the sentence of condemnation passed by the Court, which must be reversed, and the cause remanded, that the appropriate judgment may be rendered upon the verdict. The prisoner will remain in custody, until discharged by due course of law.