## EXPARTE STIFF.

1. Where the trial of a party, charged with a capital offence, is continued at one term, on account of the incompetency of the presiding judge to try him, and at the succeeding term by the State, without his fault or assent, he is entitled, as a matter of legal right, to be admitted to bail, and this, notwithstanding the cause had been previously continued at his instance.

THIS was an application for a writ of *habeas corpus.* The facts appear in the opinion.

WHITE & PARSONS, for the prisoner.

ATTORNEY GENERAL, for the State.

DARGAN, C. J.—Edward Stiff, by his counsel, presents his petition to the court for a writ of *habeas corpus*, and prays that he may be admitted to bail. The facts alleged in his petition are these: At the Fall Term 1847, the petitioner was indicted in the Circuit Court of Cherokee for the murder of Wm. Gilbert, and at that and the next succeeding term, the cause was continued by the prisoner. At the Fall Term 1848, at his instance, the venue was changed to the county of DeKalb, and at the Spring Term 1849, the presiding judge being incompetent to try the prisoner, the cause was continued. At the Fall Term 1849, the cause was continued by the State, the prisoner being ready for trial. A special term was then appointed, to be held on the third Monday in October, for his trial, but the judge did not attend, and the court consequently was not held. The prisoner then made application to one of the circuit judges to be admitted to bail, but his application was refused, and it is now insisted that these facts entitle him to a writ of *habeas corpus* from this court, that he may be here admitted to bail.

This application is predicated on the 40th section of the 8th chapter of the penal code, which is in the following language:— "No person charged with the commission of an offence, capitally punished, shall be admitted to bail as a matter of right, when he is not tried at the first term of the court, at which he was properly triable, if the failure to try his case proceeded from the non-attendance of the State's witnesses, where an affidavit is made satisfactorily accounting for their absence, or where there is an entire failure to hold the court, or where the trial is delayed in consequence of the sickness of the judge, or some member of his family, or where there is a premature adjournment of the court for either of the last mentioned or other sufficient cause, or where the judge, from any cause, is legally incompetent to try the accused, or where the term allowed by law is so short that the case of the accused according to the accustomed course of proceeding could not be tried, or where it was found impracticable to obtain a jury for his trial, or where the trial was not completed in consequence of the sickness of a juror, or where there was a mis-trial for any cause, or where the delay proceeds from the fault or misfortune of the prisoner. But if the accused shall not be tried at the next stated term of the court, and the failure to try his case shall not be occasioned

from his fault or misfortune, or on his application, or with his assent, he shall be discharged on giving good and sufficient bail." —Clay's Dig. 444. We think it clear under this statute that if one is charged with a capital crime, and the cause is twice continued by the State, without the fault of the prisoner and without his assent, that he is, as a matter of right, entitled to bail. That the accused has himself continued the cause, before it was continued by the State, cannot deprive him of this right. It is true, the statute speaks of continuances at the first and the next stated terms of the court, and does not in express words say that the accused shall be entitled to bail, if the State shall twice continue or fail to try him, after he has on his part continued the cause. But we cannot believe it was the intention of the Legislature to permit the State to continue *ad infinitum*, and to deny the right of bail to the accused, if it had happened that he had once continued the cause, before it was continued by the State. Such a construction would, in our judgment, be to adhere to the letter of the act at the sacrifice of the design and intention of the Legislature.

As the cause was continued on account of the incompetency of the presiding judge, at the Spring Term 1849, and again by the State, at the next succeeding Fall Term, without the fault of the prisoner and without his assent, he has a clear legal right to bail, and the circuit judge erred in refusing it. We will, therefore, grant the writ of *habeas corpus*, unless the counsel for the prisoner should see proper, for the sake of convenience, to apply again to a circuit judge.

NOTE BY REPORTER.—The foregoing opinion was delivered at January Term 1850, but did not come to the hands of the Reporter until after the publication of the 17th volume.