# Ex Parte VINCENT.

[APPLICATION FOR HABEAS CORPUS, TO OBTAIN PETITIONER'S DISCHARGE FROM
CUSTODY, UNDER AN INDICTMENT FOR BURGLARY.]

1. *Judicial notice; of what courts will take.*—The courts will take judicial
notice of the terms of the courts of this State, when they begin and
when they end, and the days of the week upon which any particular
day of the month may fall.

2. *Discharge of jury; when irregular and forbidden, and tantamount to an
acquittal.*—The discharge of a jury in a case of felony, without the con-
sent of the accused, for the reason that all the business of the term,
except the case on trial is finished, and the jurors are discharged, and
because the jury think it is not possible for them to agree on a verdict,
is irregular and forbidden by law. If the presiding judge so discharges
a jury, before the end of the term, it is tantamount to an acquittal, and
on motion of the defendant, he should be discharged.

THE facts upon which this application is based are fully
set out in the opinion.

GOLDTHWAITE, RICE & SEMPLE, for petitioner.
JOSHUA MORSE, Attorney-General, *contra*.

[No briefs came into the hands of the reporter.]

PETERS, J.—On the 20th day of April, 1869, John
Vincent was indicted in the circuit court of Elmore county,
in this State, Hon. J. Q. Smith presiding, for the offense of
burglary. At the same term of the court at which he was
so indicted, said Vincent appeared to answer said indict-
ment and pleaded not guilty. Thereupon a jury was sworn,
charged, and empanneled to try the issue upon said plea.
After hearing the testimony the cause was delivered by the
court to the jury, on the 22d day of April, 1869, and they
retired to consider their verdict. Afterwards, on the morn-
ing of the 23d day of said month of April, "it being the
day after all the business of the court, civil and criminal,
was finally disposed of, the juries discharged for the term,

and no other business to transact, some twenty-two hours after said jury had so retired, and this twenty-two hours being a part of two days and one whole night, they were, by order of the presiding judge, brought into court and questioned by the presiding judge, and in answer to his questions, stated that they did not think they could possibly make a verdict;" and " asked to be discharged. The defendant, by his counsel, objected to the discharge of said jury, and insisted that they be kept together. But the court, upon the state of facts above set forth, and without more, discharged the jury." To this defendant excepted, and thereupon he moved the court, by his attorney, " to discharge the prisoner, upon the grounds, that the said jury had been discharged as above shown. But the court overruled this motion, and refused to discharge the defendant." And the defendant again excepted. And now the defendant, in the court below, brings the record of the proceedings in said cause of the State of Alabama against him, into this court, and moves this court for an order for his discharge from further prosecution on said indictment.— *Croom & May Ex parte,* 19 Ala. 561 ; *Vincent Ex parte,* 26 Ala. 145 ; *Stiff Ex parte,* 18 Ala. 464.

The offense charged in this case, in the court below, was burglary. The indictment was found under section 3695 of the Revised Code, which makes such an offense punishable by confinement in the penitentiary. It is therefore a felony.—Revised Code, §§ 3695, 3541.

This court will take notice, that the terms of the circuit courts for Elmore county commence on the second Mondays in April and October in each year, and that they may continue two weeks.—Pamphlet Acts, 1868, p. 13 ; Revised Code, § 750. And that the second Monday in the month of April, 1869, was the 12th day thereof ; and that the 22d day of said month was Thursday ; and that the 23d day of said month was Friday.—Phill. Ev. 620, 625. This court will also take notice that the spring term, 1869, of the circuit court of said county of Elmore, ended on Saturday, the 24th day of April, 1869, at 12 o'clock at night, of that day.

The bill of exceptions shows that the jury had been

considering their verdict for twenty-two hours, when they were called into court by the judge presiding and discharged without the consent of the defendant and against his objection, whilst there yet remained of the term of the court a longer period unexpired than the jury had been considering their verdict; and that the only reason rendered for this action of the court was, that the business of the term, except in this case, had been finished, and the other juries discharged.

This reason was not sufficient to authorize the judge presiding to discharge the jury, without the consent of the defendant. He had gone to trial and submitted his case to the jury, and was entitled to the whole term to have his case disposed of, unless some necessity intervened which rendered this impracticable or impossible; his rights were the same had there been no other case in the court but his own. The jury were, therefore, improperly and illegally discharged. This is tantamount to an acquittal. Therefore, the prosecution can not be further maintained against the defendant in the court below.—*Ned v. The State*, 7 Port. 187; *McAuley v. The State*, 26 Ala. 135.

Our conclusion is that the prisoner, John Vincent, must be discharged from further prosecution on said indictment, or for the offense therein charged.