## BELL AND MURRAY vs. THE STATE.

[INDICTMENT FOR BURGLARY AND GRAND LARCENY.]

1. *Rev. Code, § 3695; what averment in indictment under, constitutes charge of grand larceny and not of burglary.*—Under § 3695 of the Revised Code, a count in an indictment which charges that the defendants "broke into and entered" a certain described building, mentioned in that section, and "feloniously took and carried away" certain specified personal property of a third person, "of the value of more than one hundred dollars," is a count for grand larceny and not for burglary. To constitute a good count for burglary, there should have been an averment that the breaking and entry were "with intent to steal or to commit a felony."

2. *Same; what count charges burglary only.*—A count which charges that the defendants "broke into and entered" a certain described building, included in § 3695 of the Revised Code, "with the intent to steal," charges burglary only, and under such a count there can be no conviction for grand larceny.

3. *Same; what count charges both burglary and grand larceny.*—Under a count charging that the defendants "broke into and entered" a certain described building, mentioned in § 3695 of the Revised Code, "with the intent to steal," and "feloniously took and carried away" certain specified articles of personal property of a specified third person "of the value of more than one hundred dollars," there may be a conviction for either or both of the offenses charged.

4. *Conviction for grand larceny and burglary had under one count; what punishment awarded.*—Where there is a conviction of both burglary and grand larceny, charged in the same count, but one punishment should be awarded.

5. *Merger; what offences not subject to doctrine of.*—Burglary and grand larceny being, under the provisions of the Revised Code, distinct felonies of the same grade and subject to the same nature of punishment, are not subject to the doctrine of merger.

6. *Conviction of one of two felonies charged in separate counts of indictment; effect of, as to felony not passed on by jury.*—A verdict finding the de-

fendants guilty of burglary on the trial of an indictment charging, in separate counts, both burglary and grand larceny, is tantamount to an acquittal of grand larceny, and thereafter expunges that charge from the indictment.

7. *Same; acquittal, by what not impaired.*—The acquittal thus obtained is final, and not impaired by a judgment rendered by the appellate court, on the defendants' appeal, reversing the conviction for burglary and remanding the cause for further proceedings.

8. *New trial on reversal; on what charge defendant is liable to be retried.*—The acquittal of grand larceny on the first trial being final, and in contemplation of law obliterating that charge from the indictment, takes away any legal foundation for a verdict on the second trial, finding the defendants "guilty of grand larceny, as charged in the indictment."

9. *Same; what will operate an acquittal.*—Such a verdict is a nullity, and is no legal reason for discharging the jury from their deliberations on the charge of burglary, the only one remaining in the indictment. If the jury are discharged because of the rendition of this void verdict, without the consent of the defendants, the discharge operates an acquittal of the burglary.

10. *Acquittal; when supreme court will order discharge of defendants from custody on reversal of judgment of lower court.*—In the case at bar, defendants having been acquitted of grand larceny on the first trial, and the unauthorized discharge of the jury, on the second trial, being tantamount to an acquittal of the charge of burglary, the whole indictment was disposed of, and the defendants thereby entitled to their discharge. Such a motion, having been made and overruled in the court below, the supreme court on appeal reversed the judgment and sentence of the court below, and caused the appropriate order to be entered in this court, discharging the defendants.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

The indictment in this case contained four counts. The first count was *nolle prossed.* The second count charges that the defendants, Bell and Murray, "broke into and entered" a building which it described, in which "goods, merchandise, trunks, silver-ware, &c., were at the time kept for deposit, with the intent to steal," against the peace, &c. &c. The third count charged that the defendants "broke into and entered a building," described in the count, in which merchandise, silver-ware, trunks, &c., "were at the time kept for deposit, and feloniously took and carried away" certain specified articles of personal property, of the value

of more than one hundred dollars, the property ·of Mrs. Georgia E. Saffold," against the peace, &c.   The 4th count was identical with the third, with the exception that it charged that the breaking and entering were done "with the intent to steal."

At the spring term, 1873, of the city court, the defendants having gone to trial on plea of not guilty, were convicted of burglary.   The verdict of the jury was, "·we, the jury, find the defendants, Richard Bell and George Murray, guilty of burglary."   The judgment entry, after reciting the empanneling of the jury on the 26th of March, 1873, the defendants' plea, &c., and the verdict of the jury, concludes, " and the said defendants were remanded to jail to await the sentence of the court."   The record shows, that on the 2d of April, 1873, the court sentenced the defendants in accordance with the verdict.   There is nothing in the record or bill of exceptions to show that the defendants either consented or objected to the discharge of the jury.

The criminating evidence against the defendants on that trial, was the recent and unexplained possession of the stolen property, taken at the time of the burglary, which property Bell and Murray were endeavoring to sell under very suspicious circumstances at the time of their arrest. The defendants appealed to the supreme court, which "reversed and annulled the judgment and sentence of said city court," and remanded the cause " to the said city court for further proceedings therein," on the ground that the court below erred in not allowing the defendants a peremptory challenge to a juror.—See the case reported *ante*, on page 675, which, for convenience of citation, has been called *Murray and Bell v. The State.*

At the spring term, 1873, of the city court, when the case was again called for trial, the defendants pleaded their joint and separate plea of *autre-fois acquit* as to each and all the charges of grand-larceny contained in the several counts of the indictment.   This plea was, in short, by consent, and was based upon the verdict and matters and things of record on the former trial, including the bill of

exceptions then reserved, and the judgment of reversal rendered by the supreme court. The court sustained a demurrer to the plea, and the defendants pleaded not guilty to the indictment, and went to trial on issue joined by the State on that plea. By consent, the testimony contained in the bill of exceptions, reserved in the former trial, was introduced in evidence, and that was all the evidence offered. The verdict of the jury was, "we, the jury, find the defendants guilty of grand-larceny as charged in the indictment, and recommend them to the mercy of the court."

The defendants moved in arrest of judgment, on the ground that it appeared from the records of the court in the identical cause, that the defendants had at a former term been acquitted on the identical indictment in the present case, of the identical and same offense of which the jury found them guilty in the present case, which acquittal was still of force, &c. &c.

They also moved the court to discharge them from custody, and to render judgment of acquittal, notwithstanding the verdict, of all the charges contained in the indictment, on the ground that the proceedings in the former trial were equivalent to an acquittal of the charge of grand-larceny, and the proceedings on the second trial were equivalent to an acquittal of the charge of burglary; whereby the whole case was at an end, &c.

The court overruled both of these motions and sentenced the defendants, in accordance with the verdict, for grand larceny.

The defendants appeal, and here assign for error—

1. Sustaining the demurrer to the plea of *autre-fois ac-quit*.

2. Overruling the motion in arrest of judgment.

3. The refusal to discharge the defendants.

THOS. G. JONES, and J. M. FALKNER, for appellants.—1. None of the counts which did not charge the breaking and entry to have been felonious, or in the language of § 3695

of the Rev. Code, " with the intent to steal or to commit a felony," charge burglary. The breaking and entry may have been lawful, as where a man breaks into a house to extinguish a fire in the building, and afterwards commits a larceny. Where the intent with which the breaking, &c., is done, is not directly alleged, the court can not say as matter of law that *burglary* is charged. A *jury*, on the facts charged in the 3d count, might find either a verdict of burglary or not as they found the *intent.* If this be so, all presumptions being solved against the indictment and in favor of the defendant, the court cannot hold that count as charging burglary.—*State v. Merrick*, 19 Maine, 398; Arch. Crim. Pleading, vol. 2, p. 328; 2 Hale, 184. As to difference between alleging the fact of an unlawful intent and the facts from which it arises, see *Bliss v. Anderson*, 31 Ala. 625.

2. The verdict of " guilty of burglary," on first trial, operated an acquittal of all the charges of larceny.—3 Ala. 200; 6 Ala. 200; 28 Ala. 82.

3. A judgment on conviction or acquittal, is not necessary in order that either may constitute a bar to another indictment for the same offense.—14 Ohio, 295; 5 Yerger, 24; 25 N. Y. 506; 44 Ala. 10; 43 Ala. 402.

4. Burglary and larceny are separate and distinct offenses; neither is a grade or degree of the other.—2 Hale, 245; 46 Ala. 721; 24 Conn. 57.

5. These offenses are not subject to the doctrine of merger under our law.—*Hamilton v. The State*, 36 Indiana, 286; Whart. Am. Crim. Law, vol. 1, § 564; 29 Ala. 62.

6. The jurisdiction of the supreme court, on appeal, in a criminal case, arises from the statute and the waiver by defendant of so much of his constitutional right not to be twice tried for the same offense, as will give it the right to order retrial. The waiver will not be presumed to go beyond defendant's necessities. The appeal was not from the acquittal of larceny, but from the conviction of burglary. If defendants had been wholly acquitted no court would have had jurisdiction of an appeal, and the principle is not different

as to the offense of which the defendants were acquitted, because at the same time there was a conviction and sentence for another offense.—*Hurt v. State,* 25 Miss. 374; 1 Bishop Crim. Law, (Ed. 1857,) § 677; 40 Ala. 14. There is no warrant in the constitution authorizing a court to require a defendant to barter away his acquittal as the price of the revision of an illegal conviction.

7. On the second trial defendants could not be retried for the offense of which they had been acquitted by reason of the verdict and proceedings on the first trial. They should have been tried for *burglary* alone.—*Campbell v. The State,* 9 Yerger, 338; *Martin v. State,* 30 Wiscon. 222; *Gilmore v. State,* 4 Cal. 337; *State v. Ross,* 25 Missouri, 32; *State v. Kettleman,* 35 Missouri, 105; *Gunther v. People,* 25 N. Y. 406; *State v. Tweedy,* 11 Iowa, 351; *Mounts v. State,* 14 Ohio, 295; *Morman v. State,* 24 Mississippi; 1 Swann, 14; 6 Humphries, 410; 2 Tyler, 471; 2 Va. Cases, 311; 16 Illinois; 8 Robinson (La.) 588; 13 Texas, 185; *United States v. Keen,* 1 McLean, 429; 8 Smedes & Marshall, 576; 4 Scammon, 168; 7 Blackford, 186.

8. No charge of grand-larceny being contained in the indictment on the second trial, the verdict of guilty of grand-larceny on that trial was a nullity. It was no reason for the discharge of the jury. That discharge was unauthorized and operated an acquittal of the burglary. Having been acquitted of larceny on the first trial, and the discharge of the jury on the second trial being equivalent to an acquittal of the other charge, the whole case is ended and the defendants entitled to their discharge.—*McCauley v. State,* 26 Ala.; *Ex parte Vincent,* 43 Ala. 402; *Grogan v. The State,* 44 Ala. 10.

Attorney-General GARDNER, and SAYRE & GRAVES, *contra.*—On an appeal of a case to the supreme court, and a reversal thereof, the case stands precisely as though a new trial were granted, or as though it had never been tried, and the court must try it over as it originally did, unless some count in the indictment is decided by this court to be bad.

In North Carolina and South Carolina, where a defendant is acquitted upon one count of an indictment and convicted on another, and appeals, if a *venire de novo* is awarded it must be to retry the whole case.—*The State v. Stanton*, 1 Iredell, 424; *The State v. The Commissioners*, 3 Hill, S. C. 239.

Where a defendant being indicted for burglary and larceny, according to the ordinary form, in one count, was acquitted of the burglary but convicted of the larceny, and obtained a new trial, it was held that the revision of the case pervaded the whole indictment, and that on the second trial he was to be arraigned on the burglary as well as the larceny portion of the count.—*State v. Morris*, 1 Blackford, 37.

So the circuit court of the United States for the eastern district of Pennsylvania held, that after a new trial on a conviction for manslaughter, the charge of murder was reopened.—*U. S. v. Hardin*, 6 Penn. L. J. 23 ; 1 Wall. p. 127. In this case Justice Grier says, to a party of prisoners who applied for a new trial, having been convicted of manslaughter in said court, " Let me now solemnly warn you to consider well the choice you shall make ; another jury, instead of acquitting you altogether, may find you guilty of the whole indictment, and thus your lives may become forfeit to the law, * * * * * and when your solemn election shall have been put upon record, the court will hold you forever after estopped to allege that your constitutional rights have not been awarded to you."

In burglary and larceny, where, after the acquittal of the greater offense, but conviction of the less, a new trial is granted, the whole case is said to have been opened, and the defendant exposed on the second trial to the double charge.—*The State v. Morris*, 1 Blackf. 37; *Morris v. The State*, 8 S. & M. 762; *Esmon v. State*, 1 Swann (Tenn.) 14; *State v. Kittle*, 2 Tyler, 471.

The decisions in this State on which the defendants will rely, are *The State v. Coleman & Owen*, 3 Ala. p. 14, and *Martin & Flinn v. The State*, 28 Ala. 71. The point decided

Bell and Murray v. The State.

in these cases was not made by the record, nor did it come into question in either case. Besides, they are not applicable to the case at bar; these and all the other decisions cited by the defendants' counsel, it will be observed by the court, are cases where the conviction was of a lower grade of offense, and the court held that it amounted to an acquittal as to the higher grade of offense, and the authorities are by no means uniform as to this doctrine, and we do not think it the settled law of the land.

But the defendants do not cite a *single case* where a conviction of a higher offense is a bar to a prosecution for a lower offense, of a kindred kind, because the smaller offenses are embraced in the greater. This is a conviction of burglary, as in the case at bar, and includes all the minor offenses of a kindred kind; it includes that of grand-larceny.

Take, for instance, the case of Stokes, which so recently engaged the public mind. He was first found guilty of the *murder* of Fisk; the case was reversed by the New York court of appeals. On a second trial, he was convicted of *manslaughter*. Do we hear of any plea on his behalf, on the second trial, that he was *acquitted* of manslaughter by the first verdict, of *murder?* Do we hear of any motion in arrest of judgment on the above ground? Would the court have entertained a plea so contrary to all reason. Such a decision would be the abrogation of the criminal code. Take an appeal as in the case at bar, on some technicality, have the case reversed, then plead a former acquittal as to all the counts in the indictment, except the one found on, then risk the jury finding on some other count; if they miss it on the first appeal, try it again and again, and finally it would be impossible to convict, it matters not what would be the magnitude of the crime.

The proposition asserted, virtually, by the defendants' counsel is, that *two convictions* are in fact an acquittal.

BRICKELL, J.—A paradox is a proposition seemingly absurd, yet true in fact. An instance is, that under the

constitution and laws of Alabama, and under an indictment charging the defendant with two distinct felonies, two verdicts rendered at different terms of the primary court, the first expressly finding him guilty of one of the felonies, the second expressly finding him guilty of the other, may, when accompanied by an unauthorized discharge of the second jury, amount to an acquittal, and operate as such.

Section 9 of Article 1 of our State constitution, provides: "That no person shall be accused, arrested, or detained, except in cases ascertained by law and according to the forms which the same has prescribed; and that no person shall be punished but by virtue of a law established and promulgated prior to the offense, *and legally applied*."

Section 2 of Article 6 of that constitution, is in the following words: "Except in cases otherwise directed in the constitution, the supreme court shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law."

The restrictions and regulations as to the appellate jurisdiction of the supreme court in criminal cases have been prescribed by law and are contained in Chapter xii, Title 3, Part iv, embracing §§ 4302 to 4316, inclusive, of the Revised Code of Alabama. Section 4302 declares that any question in law arising in any of the proceedings in a criminal case tried in the circuit or city court may be reserved by *the defendant, but not by the State*, for the consideration of the supreme court, and if the question does not distinctly appear on the record, it must be reserved by bill of exceptions duly taken and signed by the presiding judge as in civil cases. By the sections of the Code above recited, the defendant in any criminal case, but not the State, may take the case to the supreme court by appeal or writ of error; and in any case taken to the supreme court under the provisions of said chapter, no assignment of errors, or joinder in error, is necessary; but "the court

Bell and Murray v. The State.

must render such judgment as the law demands;" and if it reverses the judgment of the primary court, may order a new trial, or the discharge of the defendant, "or make such other order as the case may require."—Rev. Code, § 4314, 4316.

In the language of Chief Justice Gibson, "our jurisprudence abounds with unreasonable advantages enjoyed by the accused. The least slip in the indictment is fatal; *a new trial cannot be awarded after an acquittal produced by the most glaring misdirection;* and the prisoner is to be acquitted whenever there is a reasonable doubt of his guilt. These, and many other unreasonable advantages, the law allows on principle of humanity or policy." * * * * * "But feeling as I do, a horror of judicial legislation, I would suffer any extremity of inconvenience, rather than step beyond the legitimate province of the court, to touch even a hair of any privilege of a prisoner," &c., &c.—*The Commonwealth v. Lester*, 17 Serg. and Rawle, 164.

The indictment here to be considered was found at the February term, 1873, of the city court of Montgomery, and consists of four counts. The first count was *nol prossed.* The second charges that the defendants "broke into and entered a building," described in that count, "with the intent to steal." The third count charges that the defendants "broke into and entered a building" described as in the second count, "and feloniously took and carried away" certain specified articles of personal property of a specified third person "of the value of more than one hundred dollars." This third count contains no averment as to the intent with which the defendants broke into and entered the building. The fourth count charges that the defendants "broke into and entered a building," described as in the second and third counts, "with the intent to steal, and feloniously took and carried away" personal property, as described in the third count, "of the value of more than one hundred dollars."

Under § 3695 of our Revised Code, which defines burglary differently from the common law, the second count is a

count for burglary only, and does not include, nor authorize a conviction for the offense of grand larceny.—*Fisher vs. The State*, 46 Ala. 720.

Under the definition of burglary, contained in that section of the Code, the third count is not a count for burglary, because it contains no averment that the defendants broke into and entered the building "with intent to steal or to commit a felony." An averment of the existence of the intent to steal or to commit a felony, at the time they broke into and entered the building, was essential to make that count a good one for burglary.—*Oliver v. The State*, 17 Ala. 587; *Ogletree v. The State*, 28 Ala. 693; *Moore v. The Commonwealth*, 6 Metc. R. 243. As that count did not contain such averment, it is a count for grand larceny only. The fourth count is a count for burglary and grand larceny; and under it, the defendants might on the first trial have been convicted of either, or of both of these offenses. But if they had been convicted of both, under that count, there could have been but one penalty, because, in that event, the merciful and just construction in favor of the defendants would have been, that as both offenses were charged *in the same count*, they should be deemed as "one continued act," for which but one penalty could be adjudged.—*Josslyn v. The Commonwealth*, 6 Metc. R. 236.

Under our Code, burglary and grand larceny are distinct felonies of the same grade, subject to the same nature of punishment, and may be joined in the same indictment, but are not subject to the doctrine of merger.—*Johnson v. The State*, 29 Ala. 62; *Hamilton v. The State*, 36 Ind. 286; *Wilson v. The State*, 37 Ala. 134; Whar. Amer. Crim. Law, vol. 1, § 564.

When the defendants were put on trial under this indictment, at the February term, 1873, of the city court of Montgomery, and evidence as to their guilt was submitted to the jury, they were in jeopardy, both as to burglary and larceny; and might have been convicted and punished for both under the *distinct counts* of the indictment.—*Josslyn v. Commonwealth*, 6 Metc. R. 236.

If on that trial the verdict of the jury had been, "we, the jury, find the defendants guilty as charged in the indictment," or, "we, the jury, find the defendants guilty of burglary and grand larceny as charged in the distinct counts of the indictment," they certainly could have been tried again for both burglary and grand larceny, after they had brought the case to this court and procured a reversal of the judgment of the city court.

But on that trial, the verdict was, "we, the jury, find the defendants, Richard Bell and George Murray, guilty of burglary." That verdict was received by the city court, and judgment and sentence thereon entered by that court, against the defendants, to the effect that each of them be confined in the penitentiary for specified periods.

The defendants thereupon took the case to the supreme court under the provisions of the Code above cited. And at the June term, 1873, this court reversed the said judgment and sentence of the city court and remanded the case to that court "for further proceedings."

As the indictment was for burglary and grand larceny, and the verdict was only for burglary, the necessary intendment of the finding was, that the defendants were not guilty of the alleged larceny. "As to all which is not found, the conclusion must be, that the jury intended to acquit."—*Nancy v. The State*, 6 Ala. 483; *Nabors v. The State*, 6 Ala. 200; *Burns v. The State*, 8 Ala. 313; *Martin and Flinn v. The State*, 28 Ala. 72, and authorities cited in appellant's brief.

The legal effect of that verdict of acquittal of larceny, whether any judgment was rendered on it or not, was to put the alleged larceny as completely out of the indictment and case, as if it had never been in the indictment or case. *Mount v. The State*, 14 Ohio, 295; *Shepherd v. People*, 24 New York, 406; *The State v. Martin*, 30 Wisconsin, 223; *People v. Gilmore*, 4 Cal. 376; *Hurt v. The State*, 25 Miss. 378; *Campbell v. State*, 9 Yerger, 333; 1 Bish. Crim. Law, (Ed. 1856,) § 676; *State v. Ross*, 29 Missouri, 32; *Jones v. State*, 13 Texas, 168; *Morris v. State*, 8 Smedes and Marshall, 762, and authorities in appellant's brief.

The case, when brought by the defendants to this court at its June term, 1873, had by the aforesaid proceedings in the city court, become a case for burglary only. This court was bound to treat it as such; and in reversing the judgment and sentence of the city court at the instance of the defendants, the supreme court had no jurisdiction to deprive them of the advantages which the law gave them as the result of the final verdict. The jurisdiction of this court in the case as brought, was appellate only. As the case when brought here, had become one for burglary only, it remained a case for burglary only when remanded to the city court.—Authorities, *supra.*

After the case was thus remanded, the city court, in effect, required the defendants, not only to be tried for the alleged burglary, but again to be put in jeopardy for the alleged larceny, of which they had been acquitted as aforesaid. They were put on trial for both burglary and grand larceny, precisely as if there had been no former trial or former verdict. On this trial at the February term, 1874, of the city court, the same evidence which had been adduced on the former trial was introduced, but the verdict was, "we, the jury, find the defendants guilty of grand larceny as charged in the indictment," "and recommend them to the mercy of the court." The city court received this verdict, remanded the defendants to jail to await sentence and discharged the jury. No consent of the defendants to this discharge of the jury appears, and such consent cannot be presumed.

If this last verdict were of any validity, its undoubted effect and meaning in law would be, that the jury found the defendants not guilty of burglary. But that verdict is a mere nullity, because the charge of grand larceny had been put out of the case by the verdict and proceedings on the former trial.—*Fisher v. The State,* 46 Ala. 721.

A verdict which is a mere nullity, is no legal reason for the discharge of the jury. And when, as here, that is the only reason for the discharge of the jury, and there is no evidence that the defendants consented to such discharge,

the legal effect of such discharge is the acquittal and discharge of the defendants from any further prosecution for the offense or offenses set forth in the indictment.—*Ex-parte Vincent*, 43 Ala. 402; *McCauley v. State*, 26 Ala. 135.

It is not the verdict finding defendants guilty of grand larceny on the last trial, which acquits them of burglary. At the time of that trial, there remained in law no such charge as grand larceny in the indictment. That which acquits defendants on the last trial, is not the void verdict, but the discharge of the jury, charged with the trial of defendants for burglary, without necessity and without their consent. The void verdict had no effect. The jury should have been instructed to have returned to their deliberations. As the jury was not so instructed, but was discharged without a verdict on the only charge by law it was authorized to consider, and without consent of defendants, that dispersion of the jury operated an acquittal. So, on the first trial, when defendants were in jeopardy for both burglary and larceny, the discharge of the jury without rendering a verdict as to larceny, and without consent of defendants, (although it did render a verdict as to burglary), operated an acquittal of the larceny. This is one of the strongest and most logical reasons for the rule, that where defendants are put on trial on several counts, and the jury find only as to one, the defendants-are thereby acquitted as to the others.

It is a settled rule in this State, that the unauthorized discharge of a jury, charged with the trial of a defendant in a criminal case, is tantamount to his acquittal of all the alleged offenses upon which the jury did not expressly pass or were prevented from passing by the unwarranted discharge. From this rule it follows, that where two charges are contained in an indictment, and on the first trial there was a discharge of the jury without necessity and without consent of defendants before the jury had passed, and whereby they were prevented from passing on the first offenses, that discharge is tantamount to an acquittal of the offense not passed on. If, on the second trial, the jury, which

44

then, *in law*, are charged to inquire into the second offense only, are discharged without necessity, and without defendants' consent, that discharge operates an acquittal of the second and only remaining offense, whereby defendants are freed from the whole charge.

Strictly speaking, then, it is not the two verdicts against the defendants in the present case, which operates an acquittal, but the unwarranted discharge of the jury on the last trial, as shown by the record.

We have been aided in our investigations of this case, and the important and delicate questions it involves, by the elaborate and exhaustive briefs of the counsel for the appellants, creditable to their industry and discrimination. To these we refer as containing the citation of many authorities not cited in this opinion, sustaining the conclusion we have reached.

The judgment of the city court is reversed, and a judgment must be here rendered discharging the appellants.

SAFFOLD, J., not sitting, being related by marriage to the prosecutor.

[NOTE BY THE REPORTER.—The opinion in this case was delivered at the June term, 1874, by Justice R. C. Brickell, who was appointed in 1873 by His Excellency, Gov. Lewis, to fill the vacancy occasioned by the resignation of Chief Justice Peck. The case is here reported in advance of other decisions at the same term by direction of the Chief Justice, owing to its importance in the administration of the criminal law.]