5 So.2d 96

## SNEAD v. STATE.

### 6 Div. 867.

Supreme Court of Alabama.

Dec. 11, 1941.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

THOMAS, Justice.

The trial was had for burglary of an inhabited dwelling house in the nighttime.

The Code of 1940, T. 14, § 85, reads as follows: *"Burglary in the first degree.—* Any person who, in the nighttime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house, or any other house or building, which is occupied by any person lodged therein is guilty of burglary in the first degree, and shall on conviction be punished at the discretion of the jury, by death or by imprisonment in the penitentiary for not less than ten years."

■ All burglaries are held to be felonies within the purview of our statutes and decisions thereunder. Ex parte Vincent, 43 Ala. 402; Wilson v. State, 61 Ala. 151.

In the case at bar the indictment is in due and proper form. There was an order to the sheriff to serve copies of the indictment on the defendant and return of execution thereof. A due arraignment was had and plea of not guilty. The day for the trial of the case was set.

■ On the day set for trial, the judgment entry recites:

"This the 31st day of March, 1941, came R. E. McAdory, Solicitor, who prosecutes for the State of Alabama, and also came the defendant being in open Court, and being duly arraigned upon the indictment in this cause for his plea thereto, says that he is not guilty, and issue being joined on said plea, thereupon came a jury of good and lawful men, to-wit, James M. Partain and eleven others, who being empanelled and sworn according to law before whom the trial of this cause was entered upon and continued from day to day and from time to time, said defendant being in open Court at each and every stage and during all of the proceedings in this cause, now on this the 2nd day of April, 1941, said jurors upon their oaths do say: 'We the jury find the defendant guilty as charged in the indictment, and fix his punishment at ninety-nine years imprisonment in the Penitentiary.'

"And on this the 2nd day of April, 1941, said defendant being in open Court, and being asked by the Court if he had anything to say why the judgment of the Court and sentence of the Law should not now be pronounced upon him, says nothing. It is therefore considered by the Court, and it is the judgment of the Court, that said defendant is guilty as charged in said indictment, in accordance with the verdict of the jury in this cause, and it is the judgment of the Court and sentence of the Law, that said defendant, the said William Nelms Snead, be imprisoned in the Penitentiary of the State of Alabama for a term of ninety-nine years."

The minute entry is to the effect that "This the 18th day of April, 1941, notice of appeal being given, and it appearing to the Court that upon the trial of this cause certain questions of Law were reserved by the defendant for the consideration of the Supreme Court of Alabama, it is ordered by the Court that the execution of the sentence in this cause be, and the same is hereby suspended, until the decision of this cause by said Supreme Court of Alabama. It is further ordered by the Court that said defendant remain in custody of the Sheriff pending said appeal."

The proceedings, from indictment to sentence, and suspension of execution of sentence pending judgment of this court, be-

ing in all respects regular and according to law, we are of opinion and hold that the judgment of the circuit court should be and it is hereby affirmed.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.